1
2
3
4
5
6        IN THE UNITED STATES DISTRICT COURT
7
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOSEPH WYMAN, an individual, individually
and on behalf of those similarly situated; LISA
WYMAN, an individual,

       Plaintiffs,

  v.

WELLS FARGO BANK, N.A., a business
entity; and DOES 1 through 50, inclusive,

       Defendants.

No. C 18-03236 WHA

**ORDER GRANTING
MOTION TO DISMISS
WITHOUT LEAVE
TO AMEND**

## INTRODUCTION

In this wrongful-foreclosure action, defendant moves to dismiss plaintiffs' claims. For the reasons herein, defendant's motion is **GRANTED**.

## STATEMENT

In August 2006, *pro se* plaintiffs Joseph Wyman and Lisa Wyman obtained a mortgage loan in the principal amount of $704,000 from defendant Wells Fargo Bank to finance the purchase of real property in Oakland (First Amd. Compl. ¶¶ 3, 12). The original loan was an adjustable rate mortgage loan, which was fully amortized over thirty years. After plaintiffs defaulted on the 2006 loan, Wells Fargo modified the loan in February 2012 to include a new principal balance of $722,770.50, which was to be paid off on a monthly basis. The modification stated that a portion of this new principal balance, exactly $30,659.32, would become a "secondary principal balance," on which the plaintiffs would not be required

to pay interest or make monthly payments.  The parties agree that plaintiffs received adequate notice of these specific changes (*id.* ¶¶ 13–18; Dkt. No. 1–1B).

The parties disagree as to whether defendant provided a legally sufficient notification of when plaintiffs would be required to pay back the secondary principal balance in the 2012 modification.  Plaintiffs argue that the loan modification agreement "makes no other reference" to the amounts due on the maturity date and refer to the secondary principal balance as a "balloon payment" (First Amd. Compl. ¶¶ 1, 19).  Defendant contends that under the agreement, plaintiffs were required to pay back the secondary principal balance upon occurrence of one of the following:  (1) loan maturity; (2) the sale or transfer of the property; or (3) default of their obligations under the loan agreement (*see* Dkt. Nos. 12 at 9, 1-1B).  Paragraph three of the loan modification stated:

> Borrower promises to pay the Secondary Principal Balance without interest thereon . . . by the earliest of the date I sell or transfer an interest in the property or am in default.  I will be in default if I do not (i) pay the full amount of a monthly payment on the date it is due, or (ii) comply with the terms of the Note and Security Instrument, as modified by this agreement (Dkt. No. 1-1B, ¶ 3).

Paragraph four stated:  "If on the Maturity Date, Borrower still owes amounts under the Note and Security Instrument . . . Borrower will pay these amounts in full on the Maturity Date." (*id.* ¶ 4).  Plaintiffs assert that this language failed to include the specific amount due on the maturity date, allegedly violating state and federal statutes (First Amd. Compl. ¶ 19).

After the 2012 modification, plaintiffs subsequently defaulted by failing to make monthly payments on the new principal balance.  In November 2016, plaintiffs filed a wrongful foreclosure action against Wells Fargo.  Plaintiffs asserted that their loan documents were "fraudulent and forged," alleging claims for fraud, quiet title, predatory lending practices, and other statutory violations (*see Wyman v. First American Title Insurance Company*, C16-07079 WHA, Dkt. No. 1-1 at 2-28).  Wells Fargo removed the 2016 action to the district court in December 2016 under diversity subject-matter jurisdiction, which action was then assigned to the undersigned judge.  In April 2017, after granting plaintiffs leave to amend,

1    an order granted defendant's motion to dismiss the 2016 Action with prejudice (*see*

2    C16-07079 WHA, Dkt. No. 33).

3        In January 2018, plaintiffs commenced this action in state court.  In their original

4    complaint, plaintiffs only asserted one cause of action against Wells Fargo under Section 2966

5    of the California Civil Code, alleging that the modification agreement did not contain the

6    disclosures required by the statute.  After Wells Fargo filed a demurrer on grounds of claim

7    preclusion, statute of limitations, and failure to state a claim as a matter of law, plaintiffs

8    amended their complaint to include four additional statutory violations under the Fair Debt

9    Collection Practices Act, Truth in Lending Act, Section 2966 of the California Civil Code,

10   and Section 10241.4 of the California Business & Professions Code.  Wells Fargo subsequently

11   removed the current action to this district court pursuant to the new federal law claims, and the

12   case was reassigned to the undersigned judge in June 2018 (Dkt. Nos. 1, 11).

13       Defendant moves to dismiss each of plaintiffs' claims based on three legal theories:

14   (1) claim preclusion, (2) statute of limitations, and (3) failure to state a claim as a matter of law.

15                                   **ANALYSIS**

16   **1.    FAIR DEBT COLLECTION PRACTICES ACT.**

17           **A.    Plaintiffs' FDCPA Claim is Time-Barred.**

18       Plaintiffs' first claim is for violation of the Fair Debt Collection Practices Act (FDCPA).

19   Section 1692e states:  "An action to enforce any liability created by this subchapter may be

20   brought in any appropriate United States district court . . . within one year from the date on

21   which the violation occurs."  Thus, the statute of limitations for a claim under the FDCPA is one

22   year.  Plaintiffs allege that defendant's loan modification "included false or misleading

23   representations concerning the balloon payment" (First Amd. Compl. ¶ 24).  Because plaintiffs

24   received the loan modification in February 2012, plaintiffs' claim is time-barred.

25           **B.    Plaintiffs' New Contentions Would Be Futile.**

26       Plaintiffs contend that defendant continues to violate the FDCPA by sending monthly

27   statements that request the secondary principal balance owed at maturity without specifying the

28   amount of the "large balloon payment" (Dkt. No. 16 at 5).  Plaintiffs admit, however, that they

1    failed to clearly plead this recent violation in their complaint, and they request leave to amend

2    their complaint (*ibid.*).

3          Nevertheless, even if plaintiffs alleged new FDCPA violations, the FDCPA does not

4    apply here because Wells Fargo is not a "debt collector" under the statute.  In *Henson v.*

5    *Santander Consumer*, the Supreme Court held that a "creditor" does not qualify as a "debt

6    collector" subject to the FDCPA.  *Henson v. Santander Consumer USA Inc.*, 137 S.Ct. 1718,

7    1721 (2017).  The Court held that the defendant qualifies as a creditor because it merely collects

8    debts purchased for its own account, rather than act as a third party collection agent.  *Id.* at 1719.

9    Similarly, here, defendant does not count as a "debt collector" because it collects a principal for

10   itself, rather than another.  *See also Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101,

11   1113 (N.D. Cal. 2014) (Judge Maria-Elena James) ("Wells Fargo is not a "debt collector" within

12   the meaning of the FDCPA because it was attempting to collect its own debt.").  Thus, as

13   currently pleaded, plaintiffs are barred from brining the FDCPA claim.

14          **2.      TRUTH IN LENDING ACT.**

15                **A.      Plaintiffs' TILA Claim is Time-Barred.**

16          Plaintiffs' second cause of action alleges a violation of loan disclosure requirements

17   pursuant to Section 1026.37 of the Truth in Lending Act (TILA).  TILA claims must be brought

18   within "one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

19   Our court of appeals has clarified that this period runs "from the date of consummation" of the

20   transaction, which is generally defined as the date on which the money is loaned to the debtor.

21   *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986).  Plaintiffs allege the violation

22   occurred due to defendant's "failure to include the required disclosures about the balloon

23   payment" in the modification (First Amd. Compl. ¶ 29).  Because the complaint only refers

24   to the 2012 modification, the one year limitations period bars the claim.

25                **B.      TILA Amendments Are Not Retroactive**.

26          Plaintiffs contend that they only discovered this issue upon recent consultation with

27   their law firm, and they further assert that defendant continues to omit the required disclosures

28   about the balloon payment in its mortgage statements (Dkt. No. 16 at 6).  Nevertheless, even

4

if plaintiffs' complaint asserted these more recent violations, plaintiff would still be unable to claim relief. The protections under Section 1026.37 were created when the Bureau of Consumer Financial Protection amended TILA to clarify federal mortgage disclosure requirements. 12 C.F.R. § 1026.37; Amendments to Federal Mortgage Disclosure Requirements Under the Truth in Lending Act (Regulation Z), 82 Fed. Reg. 37656, 37658 (Aug. 11, 2017). The provisions in the amendment became effective on October 10, 2017, and mandatory compliance is not required until October 1, 2018. Amendments to Federal Mortgage Disclosure Requirements Under the Truth in Lending Act, 82 Fed. Reg. at 37660. In *Talaie v. Wells Fargo Bank*, our court of appeals held that mortgage loan notification requirements, codified by a 2009 amendment to TILA, could *not* be applied retroactively. *Talaie v. Wells Fargo Bank, NA*, 808 F.3d 410, 411 (9th Cir. 2015) (emphasis added). The court of appeals reasoned that retroactive application of the requirements would infringe on defendants' rights by imposing "new duties" on transactions already completed and increase defendants' liability for "past conduct." *Id.* at 412. Here, the mandatory compliance date has yet to commence. *Talaie* suggests that Section 1026.37's requirements should not be applied retroactively for the same reasons.

### C. Equitable Tolling is Inapplicable.

Our court of appeals has held that district courts may consider applying the doctrine of equitable tolling to evaluate specific TILA claims involving "fraudulent concealment" or other similar circumstances in order to prevent unjust results or to maintain the integrity of the Act. *King*, 784 F.2d at 913.

This cause of action, however, does not warrant equitable tolling. In *Hubbard v. Fidelity Federal Bank*, our court of appeals held that equitable tolling was not warranted in a TILA claim where plaintiff filed suit eight years after obtaining her loan and was not prevented from "compar[ing] her loan contract . . . and TILA's statutory and regulatory requirements." *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996). Similarly, as far as is alleged in the complaint, plaintiffs had sufficient time to compare the 2012 loan modification agreement with TILA's requirements and were not prevented from discovering their claim

sooner.  Given the six year time period, plaintiffs had "reasonable opportunity to discover" the alleged nondisclosures prior to meeting with their law firm.  *King*, 784 F.2d at 915. Furthermore, plaintiffs do not allege "fraudulent concealment" regarding the alleged TILA violations (First Amd. Compl. ¶¶ 26–29; Dkt. No. 16 at 6).  Thus, the circumstances do not warrant equitable tolling, and the Section 102.37 claim is time barred by the one-year TILA limitations period.

### 3. DISCLOSURE REQUIREMENTS UNDER SECTION 2966 OF THE CALIFORNIA CIVIL CODE.

#### A. Plaintiffs' Claim is Time-Barred.

Plaintiffs' third cause of action asserts that defendant failed to meet the disclosure requirements in Section 2966 of the California Civil Code.  The limitations period under Section 2966 is "two years from the date on which the liability arises, except that where any material disclosure under this article has been materially and willfully represented, the action may be brought within two years of discovery of the misrepresentation."  Cal. Civ. Code § 2967. Because plaintiffs allege that defendant failed to provide notice of the "balloon bearing loan" agreement in 2012 and do not allege a willful misrepresentation, the statute of limitations bars the claim (First Amd. Compl. ¶ 34).

#### B. The Discovery Rule is Inapplicable.

Plaintiffs argue that they did not discover defendant's alleged failure to include the required disclosure in the 2012 modification agreement until they consulted with their counsel earlier this year (Dkt. No. 16 at 6).  Under California law, however, the discovery rule only delays accrual until the plaintiff "has or should have inquiry notice of the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005).  The discovery rule does not apply here because plaintiffs plead insufficient facts to suggest that they were unable to make "earlier discovery" of the 2012 disclosures.  *See E-Fab, Inc. v. Accountants, Inc. Services*, 153 Cal. App. 4th 1308, 1319 (2007).  Thus, as pleaded, the statute of limitations period began upon defendant's alleged violation in the 2012 agreement.

### C. Plaintiffs Provide Insufficient Facts To Suggest Willful Misrepresentation.

Plaintiffs also contend that defendant's failure to disclose balloon payments for "many years" suggests that the omission was willful (Dkt. No. 16 at 6). Because defendant's conduct "tends to indicate" willful misrepresentation, plaintiffs suggest that the two years limitations period does not apply pursuant to Section 2967.

Nevertheless, plaintiffs provide insufficient facts to suggest willful misrepresentation. A claim for intentional misrepresentation or concealment is grounded in a claim for fraud, and FRCP 9(b) requires parties to "state with particularity the circumstances constituting fraud or mistake." Plaintiffs' single inference fails to establish defendant's intent or knowledge of the alleged misrepresentation.

### D. The Claim Does Not Include Novel Information.

Plaintiffs do not dispute defendant's argument that the statute's requirements do not apply to modifications of existing loans by conventional lenders, and they explicitly concede that their Section 2966 claim "may not be entirely on point" (Dkt. No. 12 at 19-23, Dkt. No. 16 at 10). Nevertheless, plaintiffs argue that the Section 2966 claim should be included because it offers facts that "lend themselves to other causes of action" in the complaint (Dkt. No. 16 at 10).

The Section 2966 claim, however, merely alleges that Wells Fargo's modification agreement failed to meet the notice requirements under California law (First Amd. Compl. ¶¶ 30–36). Because the claim does not include novel facts about the alleged misconduct, plaintiffs' concern is moot.

### 4. SECTION 10241.4 OF THE CALIFORNIA BUSINESS & PROFESSIONS CODE.

### A. Plaintiffs' Claim is Time-Barred.

Plaintiffs' fourth cause of action asserts that defendants failed to meet the balloon payment notification requirements under Section 10241.4 of the California Business and Professions Code, which does not have an explicit limitations period. In absence of an expressed limitations period, California Civil Procedure Section 343 states that civil actions "must be commenced within four years after the cause of action shall have accrued."

Plaintiffs do not dispute that the claim accrues upon the 2012 misrepresentation. Thus, the limitations period bars the claim.

**B.** **Plaintiffs' Contentions Are Futile**.

Plaintiffs contend that defendant continues to violate the statute because defendant still has not provided formal notice of the balloon payment (Dkt. No. 16 at 6). Nevertheless, plaintiffs' complaint only refers to the "loan modification agreement" in its fourth cause of action and does not include any allegations of recent violations (First Amd. Compl. ¶¶ 37–39).

Furthermore, Section 10241.4 does not apply to "any bona fide loan secured directly or collaterally by a first trust deed, the principal of which is thirty thousand dollars or more." Bus. & Prof. Code § 10245. Here, plaintiffs' modification had a principal amount of $722,770.50 and their loan was secured by a deed of trust (Dkt. No. 1-1A-B). Because plaintiffs' modified principal was more than thirty thousand dollars and contained a deed of trust, Section 10241.4 does not apply to the modification. Plaintiffs concede that this specific provision "may not have been entirely on point," and they request leave to amend to direct the court to another cause of action (Dkt. No. 16 at 10).

In sum, plaintiffs are time barred from bringing this claim.[*]

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is **GRANTED**. Leave to amend would be futile. Judgment shall be entered for defendant.

**IT IS SO ORDERED.**

Dated: July 19, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[*] It is accordingly unnecessary for this order to address the res judicata issue or each of defendant's argument regarding failure to state a claim as a matter of law.